UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISA ROBERTS, individually and
on behalf of all others similarly
situated,

        CASE NO.: 3:14-cv-00746-BJD-MCR

    Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARMAXX OPERATING CORP.,
and JOHN and JANE DOES 1-10;

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S CLASS ACTION AMENDED FEDERAL COMPLAINT**

Defendant THE TJX COMPANIES, INC. ("TJX") and Defendant MARMAXX OPERATING CORP. ("MARMAXX") (collectively "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff LISA ROBERTS' Class Action Amended Federal Complaint (ECF No. 10) (referred to herein as "Second Amended Complaint").  In support of this motion, Defendants state as follows:

**I.     INTRODUCTION**

In her Second Amended Complaint, Plaintiff has eliminated her cause of action alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* in a blatant attempt to avoid dismissal of her preempted state law claims and/or the transfer of her FLSA claim to Massachusetts.  (*See* ECF NO. 10).  However, Plaintiff's Second Amended Complaint is a transparent effort to conceal the true nature of her claims for overtime compensation under the FLSA in an attempt to avoid Defendants' well pled motions.

Put simply, Plaintiff's state law claims cannot proceed without proof that Defendants misclassified her position under the FLSA because Defendants' sole basis for not paying overtime to Plaintiff was that it properly classified her as exempt under the FLSA. Accordingly, because Plaintiff's state law claims rely on establishing the same set of facts as Plaintiff's voluntarily dismissed FLSA claim (*i.e.,* that Plaintiff was not properly classified as an exempt employee under the FLSA, that she worked over 40 hours in a single work week, and that she was not compensated at the appropriate overtime rate effectively imposed by the FLSA), those claims are preempted by the FLSA. As the Honorable Judge Moreno of the Southern District of Florida stated just a few weeks ago in dismissing similar claims, "[t]he FLSA . . . precludes such an effort to end-run its claims and procedures." *See Bule v. Garda CL Southeast, Inc.,* 2014 U.S. Dist. LEXIS 95618, *5 (S.D. Fla. July 14, 2014). Alternatively, even if not preempted by the FLSA, Plaintiff's claims for breach of implied contract and unjust enrichment should be dismissed because an adequate statutory remedy exists, namely, the FLSA. *See H2Ocean, Inc. v. Schmitt,* 2006 WL 1835974, *8-9 (N.D. Fla. June 30, 2006). Accordingly, dismissal of Plaintiff's Second Amended Complaint is proper.

## II.      PROCEDURAL BACKGROUND

On April 15, 2014, Plaintiff filed a Complaint in the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, entitled *Lisa Roberts individually and on behalf of all others similarly situated v. The TJX Companies, Inc., MARRMAXX Operating Corp., and John and Jane Does 1-10.* (*See* ECF No. 1). The sole cause of action in Plaintiff's original Complaint was an alleged violation of the Florida Minimum Wage Act, Section 448.110. *See* id. However, although the claim alleged was under the Florida Minimum Wage Act, Plaintiff's original Complaint expressly stated that the *sole* relief sought was unpaid overtime compensation.

Accordingly, on May 20, 2014, Defendants filed a motion to dismiss the original Complaint for three reasons: (1) Plaintiff failed to provide pre-suit notice of her claim, which is required by the Florida Minimum Wage Act; (2) the Florida Minimum Wage Act does not provide for the recovery of overtime; and (3) Plaintiff's salary was such that she received in excess of the applicable Florida Minimum Wage (even assuming she worked the amount of hours alleged in the Original Complaint).  (*See* ECF No. 3).

On June 16, 2014, instead of filing a response to Defendants' motion to dismiss, Plaintiff filed an Amended Complaint (referred to herein as the "First Amended Complaint") in which, for the first time, she included a cause of action under the FLSA.  (ECF No. 2).  Plaintiff's First Amended Complaint did not contain a claim under the Florida Minimum Wage Act; instead, it included the following causes of action: (1) alleged violation of the FLSA (Count I); (2) alleged breach of express and/or implied contract (Count II) and (3) alleged unjust enrichment (Count III).  *See* id.  In Count I, Plaintiff alleged that Defendants violated the FLSA by failing to provide her with overtime compensation for hours that she worked in excess of 40 hours in a workweek.  *Id.* at ¶¶41-42.  In Count II, Plaintiff claimed that Defendants entered into a contract with her which provided she was to work 40 hours per week, but that Defendants breached the contract by requiring her to work in excess of 40 hours per week without compensation for those additional hours worked.  *Id.* at ¶¶48-49.  In Count III, Plaintiff claimed that she seeks recovery of compensation for the same alleged hours worked in excess of 40 in a workweek, as an alternative if there is no breach of an express or implied contract.  *Id.* at ¶¶53-55.

On July 7, 2014, Defendants filed a motion to dismiss Counts II and III (*i.e.*, Plaintiff's state law claims) of the First Amended Complaint as entirely duplicative of, and preempted by, the FLSA, because they were based on the same facts and sought the same relief as Count I.

(ECF No. 7).  Specifically, the state law claims relied on establishing that Plaintiff was misclassified as an exempt employee under the FLSA, worked over 40 hours in a single work week and was not properly compensated at the appropriate overtime rate effectively imposed by the FLSA.  *See id.*  Defendants further argued that Plaintiff's' equitable claims should be dismissed because an adequate statutory remedy existed under the FLSA.  Contemporaneously with filing this motion to dismiss, Defendants also filed a Motion to Stay, or in the Alternative, to Transfer Venue, based upon the "first filed" doctrine of federal comity, because there are two previously filed actions pending in federal court in Massachusetts, in which identical wage and hour claims are alleged on behalf of Assistant Manager employed by Defendants around the country. (ECF No. 8).

On July 21, 2014, again instead of filing a response to Defendants' second motion to dismiss, Plaintiff filed her Second Amended Complaint, in which she dropped her FLSA claim and included only causes of action for: (1) alleged breach of express and/or implied contract for failure to pay money earned (Count I) and (2) alleged unjust enrichment (Count II).  (*See* ECF No. 10).  However, just as in the First Amended Complaint, these two causes of action allege that Defendants failed to compensate Plaintiff for hours that she worked in excess of 40 in a workweek (*i.e.*, Plaintiff seeks to recover overtime compensation via these causes of action).

### III.   LEGAL ARGUMENT

#### A.   Standard for Dismissal Under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6). To warrant dismissal of a complaint under Rule 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v.*

*Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires that the Court accept the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, (2007) (internal citations omitted). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

    **B.**    **Plaintiff's Second Amended Complaint Should Be Dismissed Because Her Claims for Breach of Contract and Unjust Enrichment Are Preempted by the FLSA.**

The primary factual allegations made by Plaintiff in her Second Amended Complaint are set forth in the "Factual Allegations" section of her Complaint:

- Defendants' policy and practice is to deny earned wages, including overtime pay, to their Assistant Managers, in that Defendants require them to work more than 40 hours per week, but do not pay them overtime compensation for these additional hours worked. (ECF No. 10 at ¶11).

- Plaintiff was hired by Defendants in and around August 2008 with the title of Assistant Manager for Marshalls located at 1043 Orange Park, Florida. *Id.* at ¶12.

- As an Assistant Manager, Plaintiff worked over 40 hours per week… Plaintiff never received additional wages or overtime wages for working in excess of 40 hours per week. *Id.* at ¶16.

- Plaintiff performed duties that were primarily non-managerial in nature and so she should have been classified as a non-managerial employee. *See id.* at ¶¶17-20.

Expressing the claims against Defendants in the Second Amended Complaint solely in terms of breach of breach of contract or unjust enrichment does nothing to make this pleading anything less than virtually verbatim recitations of the First Amended Complaint.  Specifically, in Count I of the First Amended Complaint, seeking relief under the FLSA, Plaintiff alleged that Defendants failed to comply with the FLSA by failing and refusing "to provide overtime premiums to Plaintiff and the FLSA class for their hours worked in excess of 40 hours per week."  (ECF No. 2 at ¶41).  Similarly, in Counts II and III of the First Amended Complaint, seeking relief under contractual and equitable theories of recovery, Plaintiff alleged that Defendants failed to compensate her and the class for hours worked over 40.  *Id.* at ¶¶49, 53.  In the Second Amended Complaint, Plaintiff continues to seek relief under contractual and equitable theories of recovery, alleging that Defendants failed to compensate her and the class for hours worked over 40.  (ECF No. 10 at ¶¶ 29, 33).  Thus, Plaintiff's state law claims all depend on the establishing the exact same facts as her FLSA claim in the First Amended Complaint:  Plaintiff was eligible to receive overtime compensation (which requires a showing that Plaintiff was not properly classified as exempt from the FLSA's overtime requirements), Plaintiff worked over 40 hours per week, and Defendants failed to properly pay Plaintiff for overtime compensation for such hours worked.

It is obvious that Plaintiff is attempting to end-run this fact by simply withdrawing her FLSA claim and artfully removing words which underscore the dependence of the state law claims on the FLSA.  For example, in several places in Plaintiff's First and Second Amended Complaints where she makes identical factual allegations, Plaintiff has changed just a single word: where she previously alleged "non-exempt" duties or tasks (an obvious FLSA issue), she changed the reference to "non-managerial."  (*See* ECF No. 2 at ¶¶19, 21; ECF No. 10 at ¶¶18,

20). Regardless, the only way that Plaintiff can establish an entitlement to overtime compensation is if she can show that Defendants improperly classified her as an exempt employee under the FLSA. The *only* difference in these pleadings is how Plaintiff has chosen to classify her claims, and the FLSA precludes such an effort to end-run its claims and procedures.

Just a few weeks ago, Judge Moreno of the Southern District of Florida dismissed similar state law claims, *with prejudice* because they were preempted by the FLSA. *See Bule v. Garda CL Southeast, Inc.,* 2014 U.S. Dist. LEXIS 95618, *4-7 (S.D. Fla. July 14, 2014). In *Bule*, the plaintiff alleged a violation of the FLSA, as well as three state law causes of action (breach of implied agreement, unjust enrichment, and quantum meruit), all of which alleged that the defendant failed to provide compensation for hours worked in excess of 40 in a week. *Id.* However, the Court noted that the only difference in the claims was the way the plaintiff had classified them, and stated that the FLSA "precludes such an effort to end-run its claims and procedures." *Id.* at *5. The Court further stated that, "[u]ltimately, a plain reading of Plaintiff's state law claims reveal they are all without a doubt, dependent on a finding of the same violations of the FLSA…Therefore, this Court finds it prudent to follow…the other cases across the country that prohibit plaintiff's from avoiding the procedures and substantive rules of the FLSA through artful pleading." *Id.* at *6. Indeed, numerous courts have dismissed state law common law claims where they rely on proof of the same facts and seek the same remedy provided for by the FLSA. *See e.g. Bouthner v. Cleveland Constr. Inc.*, 2011 WL 2976868, at *7 (D. Md. July 21, 2011) ("a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA"); *Chytka v. Wright Tree Service, Inc.*, 925 F. Supp. 2d 1147, 1172-73 (D. Col. 2012) ("to the extent that Plaintiff is claiming that she was not paid overtime, her claim [of unjust enrichment] is preempted by the FLSA"); *Sanchez v. Haltz*

*Construction, Inc.*, 2012 U.S. Dist. LEXIS 537, *22-25 (N.D. Ill. Jan. 4, 2012) (holding that the plaintiff's unjust enrichment claim was preempted by the FLSA because the unjust enrichment claim alleged a failure to pay overtime and minimum wages); *Coberly v. Christus Health*, 829 F. Supp.2d 521, 525 (N.D. Tex. 2011) ("state law claims are preempted by the FLSA to the extent the plaintiffs seek damages for unpaid minimum wages or unpaid overtime compensation"); *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); *Morgan v. Speak Easy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007) (dismissing plaintiff's state common law claim as preempted by the FLSA, stating that "[plaintiff's] claim for unjust enrichment is directly covered by the FLSA"); *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (holding that the FLSA preempted negligence claims because they were "founded upon the same facts as and therefore are duplicative of the FLSA claims") (internal quotation marks omitted); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment dismissing plaintiffs' common law fraud claims, where plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims in hopes that they might recover damages for mental anguish and punitive damages that would otherwise be available under the FLSA").

Similarly, in *Botello v. COI Telecom, LLC*, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010), the court dismissed the plaintiff's state law claims for unjust enrichment and breach of contract as preempted by the FLSA because they were "predicated on [d]efendant's alleged failure to compensate her for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation of its mandates." *See also Farmer v. Directsat USA, LLC*, 2010 WL 3927640, at *16 (N.D. Ill. Oct. 4, 2010) ("the FLSA

preempts Plaintiffs' state common law claims of unjust enrichment, quantum meruit, and breach of implied contract"); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim").

Here, just as in *Bule*, Plaintiff's state law wage claims are based *solely* on the allegations that she was not paid overtime compensation for all hours worked in excess of 40 per week, an issue that is covered by the FLSA. This Court should follow *Bule* and the numerous other cases across the country that have prohibited plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading, and likewise dismiss Plaintiff's Second Amended Complaint with prejudice.

    **C.** **Alternatively, Even If the FLSA Does Not Preempt Plaintiff's Claims, Her Equitable Claims Should Be Dismissed Because the FLSA Provides an Adequate Remedy.**

Claims for breach of implied contract and unjust enrichment, like those asserted by Plaintiff her Second Amended Complaint, are synonymous: they are all claims in equity designed to provide a remedy where one party was unjustly enriched. *See Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313-14 (S.D. Fla. 2006) (finding quantum meruit, a claim adopted to provide remedy where one party received a benefit under circumstances making it unjust to retain it without giving compensation, is synonymous with a claim for a contract implied in law) (internal citations omitted); *see also Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. App. 2009) (holding unjust enrichment is an equitable remedy that "applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for"). An "implied in law" agreement is not an actual contract, but rather a legal substitute for a contract formed to impose equity between two parties.

The concept of a quasi-contract is that of a contract that *should* have been formed, even though in actuality it was not. *Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*, 695 So. 2d 383, 385-86 (Fla. 4th DCA 1997) (internal citations omitted). An "implied in law" agreement is not literally an implied agreement to comply with the FLSA as Plaintiff suggests in her Second Amended Complaint. (*See* ECF No. 10 at ¶¶ 28-30). Instead, "implied in law" agreements are used when a court finds it appropriate to create an obligation upon a non-contracting party to avoid injustice and to ensure fairness and is invoked in circumstances of unjust enrichment and is connected with the concept of restitution. *See Equity Contr. Co.*, 695 So. 2d at 385-86.

Because they are based in equitable theory only, recovery under Plaintiff's claims for breach of implied contract and unjust enrichment "is only available where there is no adequate remedy at law." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994) (*citing Mayor of Wadley v. Hall*, 261 Ga. 681, 410 S.E.2d 105, 106 (1991) and *Stewart v. Walton*, 254 Ga. 81, 326 S.E.2d 738, 739 (1985)). Courts have addressed the concept of "adequate remedy at law" in a variety of contexts and have held that the availability of monetary damages via an alternative claim demonstrates that adequate remedies at law exist. *See also H2Ocean, Inc.*, 2006 WL 1835974 at *8-9 ("Unjust enrichment is an equitable remedy under Florida law, and thus, to state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. Plaintiff's complaint does not do this. Count V must, therefore, be dismissed") (internal citation omitted); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511 (S.D. Fla. 1996) (dismissing unjust enrichment claim because "[p]laintiffs fail to allege that an adequate remedy at law does not exist"); *Housing Auth. v. MMT Enters.*, 267 Ga. 129, 475 S.E.2d 642 (1996) (contractor had adequate remedy at law where it could obtain money damages for alleged breach of contract); *Peery v. CSB Behavioral Health Sys.*, 2008 WL 4425364 (S.D.

Ga. Sept. 30, 2008) (adequate remedy at law exists where plaintiff could seek recovery for money the defendant promised to pay under a breach of contract claim); *Glynn Cnty. Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 543 S.E.2d 699 (Ga. 2001) (trial court erred in granting equitable relief because the plaintiffs have an adequate remedy at law under Georgia law).

In fact, another reason provided by Judge Moreno for dismissing the claims in *Bule* was that the FLSA provides an adequate remedy. *See Bule,* 2014 U.S. Dist. LEXIS 95618, *7-9 ("the FLSA provides an adequate remedy through which Plaintiff may pursue any claims he has for unpaid overtime during his employment with [the defendant]). The instant action is no different, and the FLSA clearly provides an adequate remedy through which Plaintiff may pursue any claims she has for unpaid overtime during her employment with Defendants. Because that adequate remedy not only exists, but has been specifically pled as a basis for this action in Plaintiff's Second Amended Complaint, then abandoned by Plaintiff to avoid Defendants' prior motion to dismiss (and motion to transfer), Plaintiff's claims for breach of implied contract and unjust enrichment should be dismissed with prejudice.[1]

## IV.  CONCLUSION

Plaintiff's Second Amended Complaint should be dismissed with prejudice because her claims are entirely preempted by the FLSA and an adequate remedy at law exists under the FLSA for her equitable claims.

---

[1] At present, Defendants' motion to stay/transfer is moot, since the Second Amended Complaint does not contain an express cause of action under the FLSA. It seems apparent to Defendants that the sole reason underlying Plaintiff's dismissal of the FLSA claim was to avoid a transfer of the case. Nonetheless, Defendants will raise that issue with the Court at the appropriate procedural time. If the instant motion is granted, Defendants assume that Plaintiff will just file yet another amended complaint, with the FLSA claim added back in. At that time, Defendants prior filed Motion to Stay/Transfer would be ripe for review (and/or would be re-filed by Defendants if the Court denies the Motion prior to that time).

WHEREFORE, Defendants respectfully request this honorable Court enter an Order granting their Motion to Dismiss, dismissing Plaintiff's Second Amended Complaint with prejudice.

DATED on this 7th day of August 2014.

>Respectfully submitted,
>
>LITTLER MENDELSON, P.C.
>Wells Fargo Center
>333 S.E. 2nd Avenue, Suite 2700
>Miami, Florida  33131
>Tel:  (305) 400-7500
>Fax: (305) 603-2552
>
>By: */s/ Aaron Reed*
>    Aaron Reed
>    Florida Bar No. 0557153
>    E-mail: areed@littler.com
>    Brigid A. Patrick
>    Florida Bar No. 79048
>    E-mail: bpatrick@littler.com
>
>Counsel for Defendants TJX and MARMAXX

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

>*/s/ Aaron Reed*
>Aaron Reed

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

William J. Sheppard
E-mail: sheplaw@att.net
SHEPPARD, WHITE &
KACHERGUS, P.A.
215 Washington Street
Jacksonville, FL 32202
Tel: (904) 356-9661
Fax: (904) 356-9667

Thomas J. McKenna
E-mail: tjmckenna@gme-law.com
Gregory M. Egleson
E-mail: gegleston@gme-law.com
GAINEY McKENNA & EGLESTON
440 Park Avenue South
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383

Firmwide:128186884.3 053070.1132