UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISA ROBERTS, individually and on
behalf of all others similarly situated,

             Plaintiff,

v.                                               CASE NO. 3-14-cv-746-J-39MCR

THE TJX COMPANIES, INC.,
MARMAXX OPERATING CORP., and
JOHN AND JANE DOES 1-10,

             Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss

Plaintiff's Class Action Amended Federal Complaint ("Motion") (Doc. 20), and

Plaintiff's response in opposition thereto ("Response") (Doc 26).  On September

5, 2014, Defendants filed a Reply (Doc. 31) to Plaintiff's Response.  On

September 12, 2014, Plaintiff filed a Surreply (Doc. 31).  On November 20, 2014,

the Honorable Judge Davis entered an Order (Doc. 40) referring the Motion to

the undersigned for preparation of a report and recommendation.  For the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

reasons discussed herein, it is respectfully **RECOMMENDED** that Defendants'

Motion be **DENIED**.  Additionally, because Plaintiff's Amended Federal

Complaint does not raise a federal claim, it is respectfully **RECOMMENDED** that

this case be remanded to state court.

## I.    Procedural Background

On April 15, 2014, Plaintiff filed her Class and Collective Action Complaint

("Complaint") in state court alleging violations of Section 448.110 of the Florida

Minimum Wage Act.  (Doc. 1 at 17-24.)  On May 20, 2014, Defendants filed a

Motion to Dismiss Plaintiff's Complaint (Doc. 3), asserting Plaintiff failed to satisfy

the pre-suit notice requirements of the Florida Minimum Wage Act, the act was

not applicable to Plaintiff's claims, and all wages received by Plaintiff satisfied the

requirements imposed by the act.  On June 16, 2014, Plaintiff filed her Class

Action and Collective Action Amended Complaint ("First Amended Complaint")

(Doc. 2), which alleged violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., breach of express and implied contract, and unjust

enrichment.  On June 27, 2014, Defendant TJX Companies, Inc., removed the

case to this Court on the basis that Plaintiff's FLSA claim created federal

question jurisdiction.  (Doc. 1 at 1-4).

Defendants' Motion to Dismiss Plaintiff's Complaint remained pending after

removal.  On July 1, 2014, the Court entered an Order (Doc. 4) denying the

motion as moot in light of the filing of Plaintiff's First Amended Complaint.  On

July 7, 2014, Defendants filed a Motion to Dismiss Counts II and III of Plaintiff's

First Amended Complaint.  (Doc. 7.)  However, Plaintiff filed a Class Action Amended Federal Complaint ("Second Amended Complaint") on July 10, 2014. (Doc. 10.)  Plaintiff's Second Amended Complaint abandoned Plaintiff's claims under the FLSA, and alleged claims of breach of contract and unjust enrichment.[2]  In light of the filing of Plaintiff's Second Amended Complaint, the Court entered an Order (Doc. 17) denying Defendants' Motion to Dismiss as moot.  Additionally, the Court directed the parties to file memoranda of law addressing whether the case should remain in federal court in the absence of Plaintiff's former FLSA claim.  (*Id.*)

On August 7, 2014, Defendants filed the instant Motion (Doc. 20) seeking dismissal of Plaintiff's Second Amended Complaint.  Plaintiff filed her Response (Doc. 26) on August 21, 2014.  The Court granted Defendants leave to file a reply to Plaintiff's Response, which was filed on September 5, 2014 (Doc. 31). Plaintiff filed her Surreply (Doc. 34) on September 12, 2014.

## II.   Background Facts

Accepting the facts in the Second Amended Complaint as true, the following provides a brief factual background for this case.  In or around August of 2008, Defendants hired Plaintiff as an assistant manager for a Marshalls store located in Orange Park, Florida.  (Doc. 10 at ¶ 12.)  Prior to beginning work at the Orange Park location, Plaintiff attended a two-week training session for assistant

---

[2]  Plaintiff's Amended Federal Complaint was properly filed pursuant to Fed. R. Civ. P. 15(a)(1)(B).

managers at two Marshalls locations.  (*Id.* at ¶ 13.)  During her training and work,

Plaintiff was assigned tasks which were non-managerial in nature, including

stocking and processing merchandise, cleaning the store, ringing registers,

unloading delivery trucks, disposing of trash, and other duties typically assigned

to clerical employees.  (*Id.* at ¶¶ 14, 17.)  Plaintiff was required to perform these

non-managerial tasks due to an insufficient number of hourly clerical employees.

(*Id.* at ¶ 18.)  Plaintiff's managers and district manager were aware that Plaintiff,

and other assistant managers, were performing primarily non-managerial duties.

(*Id.* at 19.)  Defendants required Plaintiff to work substantially in excess of forty

hours per week, but did not provide compensation for such work.  (*Id.* at ¶ 11.)

Plaintiff remained employed with Defendants until May of 2013.  (*Id.* at ¶ 15.)

### III.    Motion to Dismiss Standard

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A

claim is plausible on its face where "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*  Plausibility means "more than a sheer possibility that a

defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief."  *Id.* (quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 680.  Generally, a court considers only the face of a complaint, and documents attached thereto, in analyzing a motion to dismiss.  *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1311 (11th Cir. 2011).

### IV. Discussion

#### A. Jurisdiction

At the outset, it should be noted that the Court's jurisdiction over this matter is called into question by the absence of Plaintiff's former FLSA claim. The Supreme Court has held that where a plaintiff abandons the federal claims upon which removal was originally based, a district court has discretion to remand a matter to the state court forum if the continued exercise of federal jurisdiction would be inappropriate.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 620 (1988).  Further, in determining whether it is appropriate to retain jurisdiction over such pendent claims, a district court must consider and weigh the principles of economy, convenience, fairness, and

comity. *Id.* at 357, 108 S. Ct. at 623. Accordingly, the following provides a brief application of these factors to the case at bar.

Three of the factors provided by the Court in *Cohill* weigh against retaining jurisdiction over this matter. Notably, principles of economy and convenience weigh heavily in favor of remand because this case remains in the early stages of litigation. *See Lake County v. NRG/Recovery Group, Inc.,* 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (finding economy and convenience weighed in favor of remand, because the defendant had not yet answered, discovery was in early stages, and the district court had not expended significant amount of judicial labor such that the state court would be required to duplicate its efforts). The Supreme Court has noted that "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Cohill*, 484 U.S. at 351, 108 S. Ct. at 619. In addition, principles of comity weigh in favor of remand as Plaintiff's Second Amended Complaint calls for interpretation of state law claims for breach of contract and unjust enrichment, which are best suited for adjudication by a state court. *See Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); *see also Calcerrada v. Securitas Sec. Servs., USA, Inc.*, No. 507-CV-295-OC-10GRJ, 2008 WL 1925269, at *3 (M.D. Fla. Apr. 29, 2008) (explaining interpretation of substantive state law issues are better reserved for determination by a state court).

6

With regard to principles of fairness, the primary concern is Defendants' assertion that Plaintiff engaged in artful pleading by amending her First Amended Complaint in an effort to avoid transfer of this case to Massachusetts, and disguise the federal nature of her claims.  (Doc. 26 at 1.)  Other courts in this district have noted, "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case but that behavior is only taken into account as part of 'the balance of factors' for determining whether remand is appropriate." *Garcia v. Cullen*, No. 6:12-CV-650-ORL-28, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012) *report and recommendation adopted*, No. 6:12-CV-650-ORL-28, 2012 WL 1986623 (M.D. Fla. June 4, 2012).  "There is no 'categorical prohibition' on remanding in these circumstances '*regardless* of whether the plaintiff has attempted to manipulate the forum.'" *Shelley v. City of Headland*, No. 1:09-CV-509-WKW WO, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009).  Moreover, "[a]ssuming that [Plaintiff] wish[es] to pursue only state law claims, as [she] ha[s] asserted, any concern about manipulation can be addressed by barring [Plaintiff] from pursuing any federal law claims on remand." *Garcia,* 2012 WL 1988131, at *2.  Considering the factors provided by the *Cohill* Court as a whole, the undersigned recommends that this case be remanded to state court in the absence of a federal question.

### B.   Defendant's Motion to Dismiss

Defendants' Motion asserts Plaintiff artfully amended her pleadings to assert state law claims preempted by federal law.[3]  (Doc. 20 at 6.) Assuming Defendants are correct in this assessment, it is possible that the Court retains jurisdiction over this matter even in the absence of an express federal claim on the face of Plaintiff's Second Amended Complaint.  *See generally Whitehall Wellington Investments, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 00-3899 CIV, 2000 WL 1846129, at *2 (S.D. Fla. Dec. 7, 2000) ("[N]otwithstanding the absence of federal question allegations on the face of a complaint, a federal court must retain jurisdiction if the complaint is 'artfully pleaded' so as to omit necessary federal questions in an attempt to defeat removal, but the complaint actually involves a substantial question of federal law.").  *See also Rivet v. Regions Bank of Louisiana,* 118 S. Ct. 921, 925 (1998) (explaining that the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claims.").[4]  Defendants argue Plaintiff's claims are preempted because they seek the same relief offered by the FLSA, and rely upon a showing that Defendants violated the FLSA.  (*Id.* at 5-9; Doc 31 at 1-5.)  Plaintiff responds

---

[3] Defendants also argue Plaintiff's claim for unjust enrichment should be dismissed because an adequate remedy at law exists.  (Doc. 20 at 9-11.)  However, Florida law does not require a plaintiff to plead the absence of an adequate remedy at law to maintain an action for unjust enrichment.  *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. Dist. Ct. App. 1998)

[4] However, other circuits have held the doctrine of complete preemption does not apply to the FLSA.  *See*, *e.g.*, *Casey v. Rainbow Grp., Ltd.*, 109 F.3d 765 (5th Cir. 1997).

by arguing her state law claims are not preempted because they provide for greater relief than is available under the FLSA, and are not dependent upon a showing that Defendants violated the FLSA.  (Doc. 26 at 4-7; Doc 34 at 1-5.)

The essential issue underlying the parties' contentions is whether Plaintiff's state law claims rely upon a showing that Defendants violated the FLSA itself. Defendants contend Plaintiffs cannot succeed without such a showing because she was properly classified as an exempt employee for purposes of the overtime provisions of the FLSA.[5]  Specifically, Defendants contend:

> Plaintiff's state law claims all depend on the [sic] establishing the exact same facts as her FLSA claim in the First Amended Complaint: Plaintiff was eligible to receive overtime compensation (which requires a showing that Plaintiff was not properly classified as exempt from the FLSA's overtime requirements), Plaintiff worked over 40 hours per week, and Defendants failed to properly pay Plaintiff for overtime compensation for such hours worked.

(Doc. 20 at 6.)  However, it is not clear why Plaintiff's state law breach of contract claim requires such a showing.  The Eleventh Circuit has held "an employer may contractually agree to compensate employees for time that is not mandatorily compensable under the FLSA."  *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994).  Therefore, even if Plaintiff was appropriately characterized as an exempt employee under the FLSA, Defendant remained able to enter into a binding agreement to provide compensation for hours worked in excess of forty hours per week.  Indeed, to the extent Plaintiff's current pleadings

---

[5] "[T]he FLSA does not apply to 'administrative employees' – a category that includes lower-than-top tier managerial staff."  *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1362 (11th Cir. 1997)

obviate the need for determination of whether she was appropriately characterized as an exempt employee, this nuance supports a finding that Plaintiff's state law claims are not duplicative of her former FLSA claim. *See Diallo v. Alo Enterprises Corp.*, No. CIV.A. 12-3762 AET, 2013 WL 3772827, at *4 (D.N.J. July 17, 2013) ("[D]espite the significant overlap between the facts forming the basis of both sets of claims, the Court finds that the dispute concerning whether Plaintiff was an employee or independent contractor of Defendants militates against finding that the state common law breach of contract claims are preempted by FLSA.").

Plaintiff is correct in observing the authority cited by Defendants is distinguishable from the issue in the instant case. Defendants direct the Court to authority indicating a plaintiff may not simultaneously plead state law causes of action in addition to a claim under the FLSA where the state law claims themselves depend on establishing an FLSA violation. *See Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) ("Both the FLSA claims and the claims of Counts I, II and III present the same material allegations: the difference is the way Plaintiff classified these claims. The FLSA, however, precludes such an effort to end-run its claims and procedures."); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1241 (N.D.

Ala. 2001) (granting summary judgment to the defendant with respect to state

law claims of fraud which merely recast the plaintiff's federal claims for overtime

compensation under the FLSA).  However, this is not a case in which Plaintiff's

complaint alleges violations of the FLSA in addition to state law causes of action.

Moreover, Plaintiff's state law claims depend upon a showing that Defendants

agreed to provide overtime compensation for hours worked in excess of forty

hours per week, or were unjustly enriched by failure to provide such

compensation.  Plaintiff's pleadings do not rest on establishing Defendants

violated the FLSA itself.[6]

Accordingly, it is respectfully **RECOMMENDED**:

1.       Defendants' Motion (Doc. 20) be **DENIED**.

2.       This matter be remanded to state court.

**DONE and ENTERED** in Jacksonville, Florida on January  22nd , 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[6]  Other courts have allowed plaintiffs to proceed with truly independent state law claims which do not require establishing a breach of the FLSA.  See *Hammond v. Lowe's Home Centers, Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004) ("However, the FLSA does not create the exclusive remedy for unpaid wages, nor does the FLSA preempt a state law claim compensable pursuant to a contract but not the FLSA."); *Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1301 (M.D. Ala. 2007) ("Here, Jeter is not only claiming that she was denied overtime pay to which she is entitled under the FLSA, she is also claiming that she was treated differently, based on her race, from a similarly situated white employee."); *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12 CIV. 5651 AJN, 2013 WL 3466810, at *6 (S.D. N.Y. July 8, 2013) ("Although the FLSA preempts state law claims 'premised on the same set of facts [as a party's] FLSA claims' . . . Plaintiff's claims would only be preempted, and thus futile, if there was 'no independent basis for the . . . state law claims.'") (citations omitted).

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record