UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LISA ROBERTS, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                           Case No:  3:14-cv-746-J-39MCR

THE TJX COMPANIES, INC., et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 41; Report), recommending that Defendants' Motion to Dismiss (Doc. 20; Motion) be denied and that this case be remanded to state court. Defendants filed their Objections (Doc. 42; Objections) to the Report, and Plaintiff responded with her Response (Doc. 43; Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district judge must review legal conclusions *de novo,* even in the absence of an objection. See Cooper–Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994). In this case, Defendants object to the recommendation that their Motion be denied as well as the recommendation that this case be remanded to state court. Federal Rule of Civil Procedure 72(b)(3) ("Rule(s)")

requires the Court to review *de novo* those parts of the Report to which the Defendants object. Upon independent review of the file, the Court adopts the Magistrate Judge's Report as supplemented herein.

## A.     Defendants' Motion to Dismiss

Defendants' Motion comes on the heels of Plaintiff's Amended Complaint (Doc. 10; Amended Complaint). Defendants argue Plaintiff artfully and inappropriately crafted her Amended Complaint to skirt the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by asserting comparable state common law causes of action. In her Amended Complaint, Plaintiff asserts in Count One that Defendants breached an express and implied employment contract that limited Plaintiff to working forty hours per week.[1] In the alternative to Count One, Plaintiff claims in Count Two that Defendants were unjustly enriched by Plaintiff's labor in excess of forty hours per week without additional compensation. Defendants argue that Plaintiff's attempts to present her claims under state law causes of action are improper as her claims are preempted by the FLSA and an adequate remedy of law exists.

### 1.     Preemption

Where state laws collide with federal laws, state law "must yield to the law of Congress . . . ." Gibbons v. Ogden, 22 U.S. 1, 210 (1824). "The well-worn taxonomy of preemption doctrine identifies three categories: (1) express preemption; (2) field preemption; and (3) conflict preemption." Florida State Conference of N.A.A.C.P. v.

---

[1] Plaintiff alleges breach of both express and implied contracts. (Doc. 10 at 6). "While the law will not recognize an implied-in-fact contract where an express contract exists, a contract may be inferred where an express contract fails for lack of proof." Baron v. Osman, 39 So. 3d 449, 451 (Fla. 5th DCA 2010).

Browning, 522 F.3d 1153, 1167 (11th Cir. 2008). Express preemption occurs when the text of a federal statute manifests the intent to displace a state law. Id. Field preemption exists when a "scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947) (citations omitted). Conflict preemption occurs when compliance with both federal and state law is impossible or when a state law is an obstacle to the objective of a federal law. Browning, 522 F.3d at 1167.

Defendants do not specify which category of preemption they rely upon for their argument that state common law claims cannot be asserted in the same province as the FLSA. However, based on the FLSA's lack of explicit language which manifests an intent to preempt state common law causes of action which afford greater protection to claimants, Defendants' argument cannot succeed pursuant to express preemption. Likewise, an argument for field preemption must fail because the FLSA permits states to enact and enforce laws affording greater minimum wage, overtime, and child labor protections. 29 U.S.C. § 218.[2] The Court is then left only with preemption predicated on conflict preemption. Thus, the Court's attention turns to the objective of the FLSA.

---

[2] 29 U.S.C. § 218(a) says that the FLSA shall not:

> excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter.

"The FLSA embodies a congressional intent to ensure that 'all our able-bodied working men and women [receive] a fair day's pay for a fair day's work.'" Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1231 (M.D. Fla. 2010) (alteration in original) (citing a Letter to Congress from President Franklin D. Roosevelt (May 24, 1937) (reprinted in H.R. Rep. No. 101–260 (1989), 1989 U.S.C.C.A.N. 696–97)). To accomplish the intent of the FLSA "standards of minimum wages and maximum hours were provided." Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1332 (11th Cir. 2014), cert. denied, 134 S. Ct. 2886 (2014) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 698 (1945)). These standards are meant to protect "workers from substandard wages and oppressive working hours." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728 (1981). The standards established by the FLSA provide the floor beneath which compensation may not descend, less private contracts arising from the "unequal bargaining power [] between employer and employee . . . endanger[] national health and efficiency . . . ." See id. Recognizing that the FLSA sets the floor for compensation, the Eleventh Circuit held that a plaintiff may assert "a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA." Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994). Similarly, a plaintiff may assert a contract claim that is modeled after the same standards as those found in the FLSA, even where the FLSA applies. Id.

Pertinent to this case, "[t]he FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek." Friedman v. S. Fla. Psychiatric Assocs., Inc., 139 F. App'x 183, 185 (11th Cir. 2005)

(citing 29 U.S.C. § 207(a)). However, the FLSA's overtime compensation requirements are subject to a list of exemptions. E.g., 29 U.S.C. § 213(a)(1)("[A]ny employee employed in a bona fide executive, administrative, or professional capacity . . ." is not subject to the provisions found in "section 207 of this title . . . ."). Thus, if a plaintiff were to assert a claim pursuant to the FLSA for unpaid overtime compensation, she may well be foreclosed from recovery depending on how her position is classified. See 29 U.S.C. § 213. Of course, according to the Eleventh Circuit, the employer and employee are free to enter into an agreement which would afford protections greater than those found in the FLSA. Avery, 24 F.3d at 1348 ("[A]n employer may contractually agree to compensate employees for time that is not mandatorily compensable under the FLSA."). A common law breach of contract claim involving a contract which provided the same compensation standards of the FLSA without the exemptions found within the FLSA would provide an employee with firmer footing in future litigation as the employer could not assert a defense that the employee was exempt from the FLSA.

In the case at hand, Plaintiff alleges that she and Defendants entered into an employment contract which limited the number of hours Plaintiff was to work at forty per week. Plaintiff claims she was required to work in excess of forty hours per week and was not compensated for the additional hours worked. Plaintiff does not assert this provision was limited based on her employment classification as an executive *vel non*. Defendants argues that any claim for compensation arising from those facts must come pursuant to the FLSA. Such a claim may be well suited for prosecution pursuant to the FLSA. Yet, as explained above, the FLSA is not the only medium through which Plaintiff's case may be brought. This is especially important in this case, where Plaintiff,

who was hired as an assistant manager, may be exempt from the protections of the FLSA under the executive exemption.[3] See Jackson v. Advance Auto Parts, Inc., 362 F. Supp. 2d 1323, 1336 (N.D. Ga. 2005) (holding that assistant managers primary duty was managerial, "and as such, Plaintiffs were properly classified as exempt under the FLSA."). Plaintiff's election to pursue her claim through state law as opposed to the FLSA is permissible pursuant to the applicable law in this circuit, notwithstanding Defendants' heavy reliance on Bule v. Garda CL Southeast, Inc., No. 14-21898-CIV, 2014 WL 3667815 (S.D. Fla. July 17, 2014).

In Bule, the court held that the plaintiff could not assert a breach of contract claim, unjust enrichment, and FLSA claim because "Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." Bule, 2014 WL 3667815, at *2 (citation omitted). In distinguishing itself from Avery, the Bule court reasoned "[t]he Eleventh Circuit has explicitly limited Avery's holding" to only apply to a situation "where the contract in question is an expressed contract that explicitly provides that employees will be paid overtime in accordance with the FLSA." Id. at *3. Curiously, Bule does not provide, and this Court could not find the Eleventh Circuit case which it found to explicitly limit Avery. Indeed, Avery follows Atlanta Professional Firefighters Union v. City of Atlanta, 920 F.2d, 800, 806 (11th Cir. 1991), which affirmed recovery pursuant to a contract that afforded greater rights than those offered by the FLSA. The holdings in Avery and APFU are consistent with 29 U.S.C. § 218, which, as mentioned above, does not prevent state law from providing more generous provisions to workers than those

---

[3] Indeed, Defendants note in their Motion to Dismiss [Doc. 20] that the "sole basis for not paying overtime to Plaintiff was that [they] properly classified her as exempt under the FLSA." (Doc. 20 at 2).

supplied by federal statute. As FLSA is intended to protect "workers from substandard wages and oppressive work hours[,]" Lynn's, 362 F. Supp. 2d at 1336, Plaintiff's state law contract claim which afford her greater protections than the FLSA is not in conflict with the FLSA. Accordingly, Defendants' Motion is due to be denied regarding their argument that the FLSA preempts state law causes of actions where a FLSA claim could be brought.

### 2. Unjust Enrichment

#### a. Equitable and Legal Claims

In the alternative to her claim of breach of contract, Plaintiff argues Defendant was unjustly enriched by Plaintiff's labor in excess of forty hours per week. Defendant counters that Plaintiff's claim of unjust enrichment cannot stand where there is an adequate remedy at law. Florida considers a claim for "unjust enrichment [a]s an equitable claim, based on a legal fiction created by courts to imply a contract as a mater [sic] of law." Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999) (internal quotations omitted). Under Florida law, a claim for unjust enrichment requires that: (1) the plaintiff conferred a benefit to the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant voluntarily accepts and retains the benefit; and (4) it would be inequitable for the defendant to retain the benefit without payment. Baptista v. JPMorgan Chase Bank, N.A., 640 F.3d 1194, 1198 n. 3 (11th Cir. 2011) (citation omitted).

A claim for unjust enrichment breaks from the general rule that an equitable claim cannot stand in the face of a complaint which can be adequately redressed through legal remedies. Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA

1998). However, upon the showing of an express contract, a claim for unjust enrichment cannot stand. Id. In this case, there has been only an allegation of an express contract. Therefore, "[u]ntil an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on th[is] ground[] is premature." Id.

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 41) is **ADOPTED as supplemented** herein as the Opinion of this Court.[4]

2. Defendants' Motion to Dismiss (Doc. 20) is **DENIED**.

3. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court, Fourth Judicial Circuit, in and for Clay County, Florida.[5] Plaintiff is barred from asserting a federal cause of action arising from the same set of facts set forth in her Amended Complaint [Doc. 10].

4. The Clerk of Court is directed terminate all pending motions and close this file.

**DONE** and **ORDERED** in Jacksonville, Florida this __11th__ day of March, 2015.

_____
BRIAN J. DAVIS
United States District Judge

---

[4] The Court finds no need to expound on the thorough and well-reasoned recommendation regarding remand of this matter to state court.

[5] As noted by the Magistrate Judge, a federal district court may preclude a plaintiff from pursuing a federal cause of action on remand to address concerns about forum manipulation, as is the situation in the case at hand. See Garcia v. Cullen, No. 6:12-CV-650-ORL-28, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012) report and recommendation adopted, No. 6:12-CV-650-ORL-28, 2012 WL 1986623 (M.D. Fla. June 4, 2012).

mw /p
Copies furnished to:

The Honorable Monte C. Richardson
United States Magistrate Judge

The Clerk of Court
Fourth Judicial Circuit
Clay County, Florida

Counsel of Record
Unrepresented Parties